UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. SHAW, | ) Case No.: 1:10-cv-02059-JLT HC |
| | ) |
| Petitioner, | ) ORDER FOR PETITIONER TO FILE A FIRST |
| | ) AMENDED PETITION |
| v. | ) |
| | ) THIRTY DAY DEADLINE |
| | ) |
| K. ALLISON, | ) |
| | ) |
| Respondent. | ) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on November 5, 2010. (Doc. 1). In the petition, Petitioner alleges as follows: (1) when misdemeanor child annoyance is elevated to a felony due to recidivism, it should be subject to the one-year misdemeanor statute of limitations; (2) unequal application of the statute of limitations denied Petitioner equal protection of the laws; (3) the jury was improperly instructed on the requisite mens rea as being when "defendant's conduct was motivated by an unnatural or abnormal sexual interest in the child" as opposed to "children" in general; (4) insufficient evidence under the due process clause to support convictions on counts

1

two and three; (5) improper joinder of charges violated Petitioner's due process rights; (6) evidentiary rulings by trial court violated Petitioner's due process rights; and (7) trial court erred in giving generic testimony unanimity instruction rather than standard unanimity instruction. (Doc. 1, pp. 11-29). A preliminary review of these claims, however, indicates that grounds one, three, and seven sound only in California state law and do not raise claims of federal constitutional violations.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

In grounds one, three, and seven, Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of those claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

Indeed, in grounds one, three, and seven, Petitioner raises only state law claims, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Indeed, federal courts, including this Court, are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

In order to adjudicate ground one, this Court would have to construe two possibly conflicting state statutes of limitations in order to determine, under California law, which one applies to Petitioner. In ground three, Petitioner asks this Court to determine whether the language in a California jury instruction on mens rea is properly understood to refer to a particular child or to children in general. In ground seven, Petitioner asks the Court to decide which of two state jury instructions was the proper one to read to the jury.

As can readily be seen, none of these three grounds allege a violation of a federal constitutional right. Instead, all three require this Court to construe and apply California law. As mentioned above, however, the issue of whether, for example, a specific jury instruction is a violation of state law is neither a federal question nor a proper subject for habeas corpus relief. See Estelle v. McGuire, 502 U.S. at 68. In addition, the mere "availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting*, Dugger v. Adams, 489 U.S. 401, 409

(1989).

Accordingly, Petitioner will be given an opportunity to file a first amended petition that contains *only* grounds that raise federal constitutional violations.[1]

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION that clearly lists each ground for relief petitioner intends to raise in this Court along with a brief statement of supporting facts. The AMENDED PETITION should ONLY present habeas claims that allege violations of a federal constitutional right. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 220.

2. The Clerk of Court is DIRECTED to send petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

///

///

---

[1] Petitioner should beware of simply "re-packaging" claims one, three, and seven by inserting language that those alleged errors violated Petitioner's federal constitutional rights. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).

Here, grounds one, three, and seven in the instant petition are identical to the corresponding claims raised in Petitioner's Petition for Review in the California Supreme Court. Because Petitioner did not raise grounds one, three, and seven as federal claims in the California Supreme Court, they are unexhausted in this Court. Thus, "re-packaging" them as federal claims would not benefit Petitioner since the Court would have to dismiss the amended petition because it would contain three unexhausted claims.

Petitioner is forewarned that his failure to comply with this order may result in an order or Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  **November 23, 2010**                               **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE